Nicholson, C. J.,
delivered the opinion of the court.
This is an appeal from' the Chancery Court of Maury County, by Sallie C. Armstrong, from a decree of that court against her and others.
Complainant Spencer obtained two judgments before a justice of the peace, and complainant Dobbins obtained a judgment in the Circuit Court of Maury County, all against the defendant, Wm. J. Armstrong, as the executor of Wm. G. Armstrong.
*708 Executions were issued on these several judgments, and returned “nulla bona .”
Thereupon, the complainants filed their bill alleging these facts, and further alleging that Wm. G. Armstrong, in his lifetime, had made his will disposing of his lands and appointing his son, Wm. J. Armstrong, as his executor, but that, after the making of the will, he had conveyed by deed to defendant Sallie C. Armstrong, wife of said Wm. J. Armstrong, for life, with remainder to her children (who are also made defendants), without valuable consideration, the lands mentioned in the will.
This deed was duly acknowledged and registered, in the lifetime of Wm. G. Armstrong.
It is also shown that the debts upon which the foregoing judgments were rendered were subsisting at the time of the execution of the deed.
The bill prays that' so much of the land as may be necessary for that purpose may be sold, and the proceeds applied to .the satisfaction of the complainants’ judgments.
Wm. J. Armstrong and his wife, Sallie C. Armstrong, answered, and admitted the debt to be due, and that the land was liable for their satisfaction.
The minor children of Wm. J. Armstrong and Sallie C. Armstrong also answered, submitting their interests to the protection of the court.
Upon the clerk and master’s report, a portion of the land was ordered to be sold, and was sold.
The report of the sale was excepted to, and the exceptions overruled.
*709 A bill of review was filed by Sallie C. Armstrong and her children, and it- is now insisted that the decree that was rendered should be reversed and annulled, because complainant Spencer, having obtained his judgments before a justice of the peace, should have proceeded to enforce their payment in the mode prescribed by sections 2271 and 2272 of the Code.
These sections authorize and direct the justice whose execution against an executor or administrator has been returned “no property found,” upon the suggestion and •application of the plaintiff, his agent or attorney, to return the papers to the circuit court, that a scire facias may be issued to have satisfaction of the property of the defendant in case he has wasted the assets, or else out of the real estate of the deceased.
In this case, it is not suggested that the executor has wasted the assets, and it appears that the deceased had no real estate at his death, so that of course none can have descended to his heirs.
He had made a voluntary conveyance of his real estate shortly before his death, in fraud of the rights ■of his existing creditors.
The complainant, Spencer, was therefore not bound to seek his remedy in the mode pointed out by these sections of the Code.
Nor was the complainant, Dobbins, upon a retui'n of her execution, nulla bona, precluded from filing her bill against the executor and the parties to whom the voluntary conveyance was made, to enforce its satisfaction.
As against her, the voluntary conveyance is pre *710 sumed to have been fraudulent, and even without a previous judgment, a bill to set aside a fraudulent conveyance may be maintained.
It is also objected as error, that the Hon. James H. Thomas, as Special Chancellor, rendered one of the decrees in the case, and omitted to sign the minutes of the court containing the decree.
This omission, however, was cured by the subsequent signing of the minutes by leave of the presiding Chancellor, the decree on its face showing that it was rendered by the Special Chancellor, and it appearing that his signature thereto was omitted by inadvertence. The exceptions to the clerk and master’s report of sale were properly overruled.
There was, therefore, no error in the decree dismissing the bill of review, and it will be affirmed with costs.